## ZILL v WARD BAKING CO

Ohio Appeals, 8th Dist., Cuyahoga Co.

No 9658.  Decided May 27, 1929

Stephen M. Young, Cleveland, for Zill.
J. H. Kistner, Cleveland, for Baking Co.

**VICKERY, PJ.**

The only ground for error is: Did the statement of counsel, giving it full latitude, state a cause of action which could be submitted to the jury? for it must be remembered that no matter what the pleadings set up, an issue having been raised upon them by appropriate pleadings, they cannot be used as a basis for the plaintiff's right to reverse a judgment here. It all depends upon the statement of counsel.

Counsel stated the injuries at length, the location of the accident, that the truck which ran the plaintiff down had printed on its side "Ward Baking Co." He states he did not know who the driver was, nor where he was going, nor where he came from. Nor did he state that the truck in question had anything in it which would indicate that it was being used in the business of the defendant company nor did he state in what business the defendant company was engaged. In addition to the name of Ward Baking Company being on the truck, counsel did state that it bore the license number of one of the Ward Baking Co.'s trucks, but he failed to state any place in the statement to the jury that at the time the injury occurred to the plaintiff this truck was being used by the defendant in the course of its business, or that it was driven by an employe of the company who was acting within the scope of his employment and on the business for the Ward Baking Company. In other words, he did not state in any way such facts as would bring before the court or jury the doctrine of respondeat superior. So far as it appears, this truck might have been stolen. It might have been driven by someone on his own business, or in many other ways which could easily negative the right of the plaintiff to recover. In other words, the plaintiff failed to state that which, admitting everything in his statement to be true, would make a liability against the Ward Baking Company. This being so, the court, of course, had nothing to do but to direct a verdict, for admitting everything to be true that was said, if this fell short of stating a liability there was no use speculating upon the question or letting the jury speculate upon it.

We think this case comes squarely within the case of **Sobolovitz vs. The Lubric Oil Company, 107 OS. 204** and it falls squarely within the later case decided by the Supreme Court in affirming this court in the case of **East Ohio Gas Company vs. Lasher, decided Feb. 13th, 1928, by this Court.** The statement of counsel in the instant case did not go far enough to bring it within the rule laid down in **David Feinberg vs. Tabor Ice Cream Company decided by this court March 3rd, 1919,** where, in addition to the evidence that the driver was an employee of the Tabor Ice Cream Company and in addition to the name of the Tabor Ice Cream Company being printed upon the side of the truck, there was evidence that there were ice cream receptacles in the truck which were used for conveying the product in which the Tabor Ice Cream Company was dealing. From those things the Supreme Court properly held as did this Court, that there was enough evidence to go to the jury; but in the instant case, as in the Lubric Oil Company case, supra, and the East Ohio Gas case, supra, there is nothing but an inference upon an inference at best, and, according to the authorities above cited, that is not sufficient in order to carry a case to the jury.

Holding these views and being so affirmatively sustained by the decisions of the Supreme Court, we cannot see but that the Court of Common Pleas was right in directing a verdict. There being no error in the record, the judgment will be affirmed .

Sullivan and Levine, JJ., concur.